Filed 8/28/23  P. v. Diaz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARTIN RODRIGUEZ DIAZ, JR.,<br><br>    Defendant and Appellant. | C097827<br><br>(Super. Ct. No. 21CR000698) |

Appointed counsel for defendant Martin Rodriguez Diaz, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant struggled with three police officers who were trying to execute an outstanding warrant.  During the incident, defendant dropped his child to the floor, struck one officer in the face, and caused a second officer to suffer a knee injury.  (*People v. Diaz* (June 22, 2022, C094759) [nonpub. opn.] (*Diaz*).)

1

In July 2021, defendant pleaded guilty to child abuse (Pen. Code, § 273a, subd. (a)),[1] resisting an executive officer (§ 69), and battery causing serious bodily injury (§ 243, subd. (d)). The remaining charges were dismissed, and the parties agreed that defendant's sentence would not exceed seven years eight months. The trial court sentenced defendant to prison for an aggregate term of seven years eight months, which included a six-year upper term for child abuse. On appeal, we affirmed the conviction but vacated the sentence and remanded the matter for a full resentencing, in compliance with section 1170 as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3). (*Diaz, supra*, C094759.)

Prior to the January 2023 resentencing hearing, the People introduced a certified record of arrest and prosecution sheet that detailed defendant's criminal history, including two prior misdemeanor convictions for domestic violence. Defense counsel filed evidence showing defendant had made progress in prison, including completing a substance abuse treatment program and having no rules violations.

During the hearing, the trial court stated it had reviewed all the material. The court noted that it previously had chosen the upper term because defendant had several violent past convictions, inflicted serious injuries in the current crimes, exhibited a lack of remorse, unnecessarily escalated the encounter with the officers, and "held up his child as a shield." The court continued: "Given his prior record has now been established by the certified copy confirming what the probation report had indicated regarding his prior sentences, the Court is not modifying its sentence." The court sentenced defendant to prison for an aggregate prison sentence of seven years eight months, as follows: Six years for the child abuse, eight months for resisting an executive officer, and one year for the battery causing serious bodily injury. The court also imposed a $1,200 restitution fine

---

[1] Undesignated statutory references are to the Penal Code.

(§ 1202.4, subd. (b)), a corresponding $1,200 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $120 court operations fee (§ 1465.8, subd. (a)(1)), and a $90 criminal conviction assessment fee (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
HULL, J.

/s/
MESIWALA, J.

3